IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAMIÁN ANTOÑIO RODRÍGUEZ YBABÉN,                    No. 3:25-cv-01473-AB

            Plaintiff,                                                            OPINION & ORDER

    v.

OREGON JUDICIAL DEPARTMENT,

            Defendant.

**BAGGIO, District Judge:**

On August 19, 2025, *Pro Se* Plaintiff Damián Antoñio Rodríguez Ybabén filed a Motion for Temporary Restraining Order ("TRO") against Defendant Oregon Judicial Department ("OJD"). Pl.'s Mot. TRO, ECF No. 4. In his Motion, Plaintiff alleges that Defendant unlawfully retaliated against Plaintiff for engaging in protected activities, including the fact that Plaintiff filed multiple Americans with Disabilities Act accommodation requests, workplace safety complaints, an Occupational Safety and Health Administration complaint, and that he took leave under the Family and Medical Leave Act and Paid Leave Oregon. *See* Compl. ¶ 19, ECF No. 1. Defendant ultimately terminated Plaintiff from his role at OJD as an Information Technology Associate. *See* Pl.'s Mot. TRO 4.[1] Now, Plaintiff asks this Court to issue a TRO enjoining

---

[1] All page cites refer to the PDF page number in the CM/ECF filing.

Defendant from "filling, posting, interviewing for, or otherwise taking any action to permanently occupy" Plaintiff's previous position at OJD. *Id.* at 8. For the following reasons, the Court denies Plaintiff's Motion for TRO.

## STANDARDS

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders. Fed. R. Civ. P. 65(b). The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held. *See W. Watersheds Project v. Bernhardt*, 391 F. Supp. 3d 1002, 1008-09 (D. Or. 2019). The legal standards applicable to TROs and preliminary injunctions are "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The standard for a preliminary injunction is a high one: it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, the plaintiff must show that: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Id.* at 20.

## DISCUSSION

Plaintiff alleges he will face irreparable harm if his position is filled because he will "lose the ability to be reinstated to his exact position," and his "professional reputation and career trajectory will be permanently impaired." Pl. Mot. TRO 6.

A loss of earnings and damage to reputation is generally insufficient to support a finding of irreparable harm and provide a basis for temporary injunctive relief. *See Sampson v. Murray*, 415 U.S. 61, 91 (1974); *see also id.* at 92 n.68 ("[I]nsufficiency of savings or difficulties in immediately obtaining other employment—external factors common to most discharged

employees and not attributable to any unusual actions relating to the discharge itself—will not support a finding of irreparable injury. . . ."); *accord Johnson v. Brown*, 567 F. Supp. 3d 1230, 1264-65 (D. Or. 2021) (denying the plaintiffs' motion for TRO because the plaintiffs' allegations of harm to their "jobs, income, and benefits" were "routine" and "compensable by money damages").

The Supreme Court has noted an exception to this general rule exists "in the genuinely extraordinary situation." *Sampson*, 415 U.S. at 92 n.68. However, such extraordinary situation requires evidence of "emotional and psychological harms associated with termination," *Keene v. City & Cnty. of San Francisco*, No. 24-1574, 2025 WL 341831, at *2 (9th Cir. Jan. 30, 2025) (citation modified), because "[s]uch an injury cannot be adequately compensated for by a monetary award after trial," *see Chalk v. U.S. Dist. Ct. Cent. Dist. of California*, 840 F.2d 701, 710 (9th Cir. 1988) (holding the district court's finding that the plaintiff did not demonstrate any possibility of irreparable injury was clearly erroneous because the plaintiff claimed immediate emotional and psychological injury).

Here, Plaintiff's alleged irreparable harm is that Plaintiff "will lose the ability to be reinstated to his exact position," and that Plaintiff's "professional reputation and career trajectory will be permanently impaired." Pl. Mot. TRO 6. Such alleged harm "falls far short of the type of irreparable injury which is a necessary predicate to the issuance of a temporary injunction . . . ." *Sampson*, 415 U.S. at 91-92. Plaintiff's alleged harm is compensable by money damages "and not attributable to any unusual actions relating to the discharge itself."[2] *Id.* at 92 n.68. Thus, Plaintiff is unlikely to suffer irreparable harm in the absence of preliminary relief.

---

[2] The Court notes that Plaintiff claims "OJD's actions forced Plaintiff onto Paid Leave Oregon and FMLA, aggravating PTSD, anxiety, ADHD, OCD, sleep apnea, and autism-related conditions." Pl.'s Mem. Supp. Mot. 6-7, ECF No. 5. Although such allegations may be relevant to

## CONCLUSION

Because Plaintiff has not established irreparable harm, one of the four essential elements needed before the Court may issue a TRO, the Court DENIES Plaintiff Ybabén's Motion for Temporary Restraining Order [4].

IT IS SO ORDERED.

DATED this  21st  day of August, 2025.


*Amy M. Baggio*
_____
AMY M. BAGGIO
United States District Judge

---

the merits of Plaintiff's claims, they do not support a finding of irreparable harm because the purported harm did not result from Plaintiff's termination.