IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAMIÁN ANTOÑIO RODRÍGUEZ YBABÉN,

Plaintiff,

v.

NANCY JEANNE COZINE-GOLDSTEIN, State Court Administrator, Oregon Judicial Department; JOANN MARIE HUBBARD, Director, Human Resource Services Division, Oregon Judicial Department; BRYANT JOHN BAEHR, Director, Enterprise Technology Services Division, Oregon Judicial Department; and LIZABETH BIRNEY TORGERSON, HR Manager, Human Resource Services Division, Oregon Judicial Department,

Defendants.

Case No. 3:25-cv-01473-AB

OPINION & ORDER

Damián Antoñio Rodríguez Ybabén
2870 Old Dufur Rd
The Dalles, OR 97058

Self-Represented Plaintiff

Jill Schneider
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201

Craig M. Johnson
Oregon Department of Justice
1162 Court St. NE
Salem, OR 97301

Attorneys for Defendants

**BAGGIO, District Judge:**

Plaintiff Damián Antoñio Rodríguez Ybabén brings this case under 42 U.S.C. § 1983 against Defendants in their official capacities. Second Am. Compl. ("SAC") ¶¶ 1, 8–11, ECF No. 55. Plaintiff alleges Defendants violated his procedural due process rights under the Fourteenth Amendment. SAC ¶ 1. Defendants move to dismiss Plaintiff's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). Defs.' Mot. Dismiss 2, ECF No. 56.[1] For the following reasons, the Court grants Defendants' Motion.

**BACKGROUND**

On February 26, 2024, Plaintiff started working for the Oregon Judicial Department ("OJD") as an Information Technology Associate. SAC ¶ 13. As part of his employment, Plaintiff was required to complete an initial probationary period of one year, ending February 26, 2025. SAC ¶¶ 14, 19. Plaintiff alleges that under the Oregon Judicial Department Personnel

[1] Like Defendants' previous Motion to Dismiss, ECF No. 42, Defendants also move to dismiss Plaintiff's Second Amended Complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), Defs.' Mot. Dismiss 2. However, for the same reasons outlined in the Court's previous Opinion and Order, *see* Op. & Order 7 n.2, ECF No. 53, the Court proceeds only under Rule 12(b)(6), *see Bell v. Hood*, 327 U.S. 678, 682 (1946) ("Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover.").

Rules ("JDPR"),[2] his initial probationary period could be extended only in the event of leave without pay exceeding fifteen consecutive calendar days. SAC ¶ 21. Because Plaintiff did not incur leave without pay exceeding fifteen consecutive calendar days, Plaintiff alleges he completed his initial probationary period on February 26, 2025. SAC ¶¶ 20, 22. Plaintiff alleges that upon completion of his initial probationary period, he became a regular-status employee. SAC ¶ 24.

Nevertheless, Plaintiff alleges that Defendants informed him that his initial probationary period would be extended by the number of days he was on leave. SAC ¶ 38. Plaintiff alleges that Defendants' extension for this reason was not permitted under the JDPR. SAC ¶ 39. As a result of Defendants' allegedly improper extension of Plaintiff's initial probationary period, Plaintiff alleges that he was denied procedural protections afforded to regular-status employees when he was eventually terminated from OJD, SAC ¶ 40, specifically "notice of the charges, a meaningful opportunity to respond prior to termination, and removal only for cause[,]" SAC ¶ 52. Plaintiff thus brings this Fourteenth Amendment procedural due process action alleging that Defendants deprived him of a constitutionally protected property interest. *See* SAC ¶ 57.

## STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all material facts alleged in the complaint and construe them in the light most favorable to the nonmoving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

---

[2] The JDPR governed Plaintiff's employment at OJD. SAC ¶ 14.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id*. at 679. A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Courts must liberally construe self-represented pleadings. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004), *overruled on other grounds by Munoz v. Superior Ct. of L.A. Cnty.*, 91 F.4th 977, 981 (9th Cir. 2024). Additionally, a court cannot dismiss a self-represented complaint without first explaining to the plaintiff the deficiencies of the complaint and providing an opportunity to amend. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Dismissal of a self-represented complaint without leave to amend is proper only if it is clear that the deficiencies of the complaint could not be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

**DISCUSSION**

Defendants argue that this Court should dismiss Plaintiff's Second Amended Complaint because Plaintiff does not plausibly allege a constitutionally protected property interest. *See* Defs.' Mot. Dismiss 8 ("Because Plaintiff did not satisfactorily complete his trial service period,

he did not have a property interest in his employment position, and thus, cannot state a claim under § 1983."). The Court agrees.

"The Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 576 (1972). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it" and "more than a unilateral expectation of it." *Id.* at 577. Rather, a person must "have a legitimate claim of entitlement to it." *Id.* "A legitimate claim of entitlement exists when there are conditions under which a benefit must be granted or there are limited conditions under which the benefit can be denied." *Sterling v. Feek*, 150 F.4th 1235, 1248 (9th Cir. 2025). A legitimate claim of entitlement does not exist, however, if government officials may grant or deny the benefit in their discretion. *Id.*

Here, Plaintiff alleges that he obtained a legitimate claim of entitlement to the benefits associated with regular employee status by completing his initial probationary period without incurring any period of leave without pay exceeding fifteen consecutive calendar days. *See* SAC ¶ 23–24. Plaintiff alleges that under the JDPR, once he completed his initial probationary period, he automatically converted to regular employee status. *See* SAC ¶ 45. Defendants argue, alternatively, that under the JDPR, regular employee status is attained only following the *successful* completion of the initial probationary period—not simply the passage of time—and therefore the transition to regular employee status is not guaranteed. *See* Defs.' Mot. Dismiss 8. This Court previously found that the JDPR could confer onto Plaintiff a constitutionally protected property interest. *See* Op. & Order 9–12. The question now then is whether the JDPR,

under the facts alleged, do in fact confer onto Plaintiff a legitimate claim of entitlement to regular employee status. The Court finds they do not.[3]

Under the 2023 and 2025 versions of the JDPR, regular status is defined as "employment following successful completion of the most recent probationary period." 2023 JDPR § 2.51; 2025 JDPR § 2.60. The probationary period is a "12-month period of continuous service" and includes an "initial probationary period[, which] is the 12 months after the initial date of hire." 2023 JDPR § 2.43; 2025 JDPR § 2.52. Continuous service is "uninterrupted employment[,]" and an "[i]nterruption of employment occurs any time an unprotected break in service exceeds 15 consecutive calendar days." 2023 JDPR § 2.14; 2025 JDPR § 2.17. A break in service, in turn, is defined as "separation from, or interruption of paid employment with, OJD . . . that exceeds 15 consecutive calendar days." 2023 JDPR § 2.07; 2025 JDPR § 2.10.

Plaintiff alleges that these provisions, taken together, establish that only leave without pay exceeding fifteen consecutive calendar days can extend the initial probationary period. *See* SAC ¶¶ 17–18. Plaintiff's interpretation of the JDPR, however, avoids that it is the "*successful* completion" of the initial probationary period that entitles an employee to regular status—not simply that an employee work for twelve months without incurring any period of leave without pay exceeding fifteen consecutive calendar days. 2023 JDPR § 2.51 (emphasis added); 2025 JDPR § 2.60 (emphasis added). And though the JDPR do not define what it means to successfully complete an initial probationary period, they do provide some guidance as to

[3] The Court finds it may properly consider the 2023 and 2025 versions of the JDPR attached to Plaintiff's Second Amended Complaint, *see* SAC Ex. A ("2023 JDPR"), ECF No. 55-1; SAC Ex. B ("2025 JDPR"), ECF No. 55-2, at this pleading stage, *see* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). The Court applies both versions under the facts alleged without deciding which version applies.

unsuccessful completion: "If, during the initial trial service period, the administrative authority determines the employee is unwilling or unable to satisfactorily fulfill the requirements of the position, the employee shall be removed from initial trial service." 2023 JDPR § 6.19(2); 2025 JDPR § 6.19(2). Indeed, it is during the trial service period that the employer observes and evaluates an employee's work. *See* 2023 JDPR § 6.19; 2025 JDPR § 6.19; *see also* 2023 JDPR § 2.43 (identifying the probationary period as formerly the trial service period); 2025 JDPR § 2.52 (same).

It follows then that the granting of regular employee status, and the benefits associated with regular employee status, involve some amount of discretion. To be sure, the only prerequisite to regular employee status is the "successful completion of the most recent probationary period." 2023 JDPR § 2.51; 2025 JDPR § 2.60. In fact, upon successful completion, "an employee shall be granted regular status." 2023 JDPR § 6.19(1); 2025 JDPR § 6.19(1). That the probationary period is itself a defined term and "shall be extended by any period of leave without pay in excess of 15 consecutive calendar days[,]" 2023 JDPR § 2.43; 2025 JDPR § 2.52, does not remove the ultimate discretion associated with the granting of regular status, *see* 2023 JDPR § 2.51; 2025 JDPR § 2.60.

Accordingly, even accepting Plaintiff's facts as true—e.g., that he never incurred leave without pay exceeding fifteen consecutive calendar days, SAC ¶ 20, that Defendants extended his initial probationary period beyond February 26, 2025, *see* SAC ¶¶ 25–29, and that Defendants terminated him as a probationary employee, SAC ¶ 57—the Court finds that Plaintiff has not plausibly alleged a legitimate claim of entitlement to a specific benefit. *See Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005) ("[A] benefit is not a protected entitlement if government officials may grant or deny it in their discretion."). The Court thus finds that

Plaintiff fails to plausibly allege a constitutionally protected property interest and state a procedural due process claim. *See Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993) ("A section 1983 claim based upon procedural due process thus has three elements: (1) *a liberty or property interest protected by the Constitution*; (2) a deprivation of the interest by the government; (3) lack of process." (emphasis added)).

**CONCLUSION**

The Court GRANTS Defendants' Motion to Dismiss for Failure to State a Claim [56]. The Court declines to give Plaintiff leave to amend his Second Amended Complaint because no amendment can cure the deficiencies identified herein. *See Lucas*, 66 F.3d at 248. Accordingly, this action is dismissed with prejudice.

IT IS SO ORDERED.

DATED this 14th day of September, 2026.

AMY M. BAGGIO
United States District Judge